

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ADT LLC, et al., | |
| Plaintiffs, | Case No. |
| v. | U.S. District Court, Southern District of Florida, Palm Beach Division |
| VIVINT, INC., | Case No.: 9:17-cv-80432 DMM/DLB |
| Defendant. _____/ | |

## MOTION TO QUASH NON-PARTY SUBPOENAS REQUIRING COMPLIANCE IN THE SOUTHERN DISTRICT OF TEXAS

Defendant Vivint, Inc. ("Vivint") moves to quash non-party subpoenas issued by Plaintiffs ADT LLC and ADT US Holdings, Inc. (collectively "ADT") for Bill Lynn, individually, and his company, Investigative & Security Global Solutions, Inc. (collectively "Global Solutions").

This dispute relates to litigation pending in the United States District Court for the Southern District of Florida, *ADT LLC, et al. v. Vivint, Inc.*, Case No. 9:17-cv-80432-DMM/DLB. ADT sued Vivint alleging deceptive conduct by Vivint employees or agents. ADT alleges more than 900 reported incidences. After the filing of the lawsuit, Vivint retained Global Solutions -- a provider of private investigative services -- for the sole purpose of preparing its defense in the litigation. Global Solutions thereafter conferred with Vivint and its counsel and undertook its investigations as an agent for Vivint and its counsel and at their direction.

On September 22, 2017, Vivint received notice from ADT that ADT had issued and intended to serve subpoenas for the production of documents, information, or objects (without deposition) on Global Solutions. *See* Exhibits A & B. Global Solutions is located in Houston,

1

and the subpoenas command production to occur in Houston on or before October 2, 2017. More specifically, the subpoenas command production of the following:

> 1. Copies of all notes of communications with any current or former ADT customers regarding Vivint, Inc. or ADT that were made by a representative of Investigative & Security Global Solutions, Inc., including but not limited to Bill Lynn.
>
> 2. Copies of all recordings of communications with any current or former ADT customers regarding Vivint, Inc. or ADT that were made by a representative of Investigative & Security Global Solutions, Inc., including but not limited to Bill Lynn.
>
> 3. Copies of all documents regarding Vivint, Inc. or ADT that were obtained from any current or former ADT customer by a representative of Investigative & Security Global Solutions, Inc., including but not limited to Bill Lynn.

Exhibits A & B, p. 9.

During the course of its investigation, Global Solutions prepared and obtained items responsive to the items sought in ADT's subpoenas. However, all such items are non-discoverable, privileged work product.

## **Memorandum of Law**

This Court is the appropriate venue to challenge the pending subpoenas because the subpoenas command production in the Southern District of Texas. *See* Fed. R. Civ. P. 45(c)(3); *Venus Med. Inc. v. Skin Cancer & Cosmetic Dermatology Ctr. PC*, No. 15-00062, 2016 WL 159952, at *2 (D. Ariz. Jan. 1, 2016).

Vivint has standing to quash the non-party subpoenas to Global Solutions because it has a personal interest in and asserts the work-product privilege with regard to the items sought by the subpoenas. *See, e.g.*, *Centennial Bank v. Servisfirst Bank, Inc.*, No. 8:16-cv-88, 2016 WL 4163560, at *3 (M.D. Fla. Aug. 5, 2016) ("A party has standing to move to quash a subpoena that is not directed to the party, but instead directed to a non-party, if the party alleges a 'personal

right or privilege' [including the work-product privilege] with respect to the subpoenas.") (citing *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005)).

The Federal Rules of Civil Procedure codify the work-product doctrine as it applies to tangible materials.

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent).

Fed. R. Civ. P. 26(b)(3)(A); *see also Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 699 (S.D. Fla. 2007) ("[F]ederal law provide[s] the decisional framework for work product issues in discovery matters arising in federal court.").

The first and second categories command the production of items *made* by Global Solutions for Vivint and its counsel while acting as an agent for Vivint and its counsel relating to the pending litigation. These items fall squarely within the work-product privilege. *See Bear Republic Brewing Co. v. Central City Brewing Co.*, 275 F.R.D. 43, 45-46 (D. Mass. 2011) ("[A]ny reports [the investigator] prepared for [the defendant's] counsel would not be discoverable . . . ."); *Costabile v. Westchester*, 254 F.R.D. 160, 164 (S.D.N.Y. 2008) ("The private investigator was acting as plaintiffs' attorney's agent, as the report was prepared at his bequest . . . . [W]e conclude that it is subject to work product protection."); *Chem-Nuclear Sys., Inc. v. Arivec Chem., Inc.*, 978 F. Supp. 1105, 1107 (N.D. Ga. 1997) ("[The private investigators'] reports are protected under the work-product doctrine."); *RTG Furniture Corp. v. Indust. Risk Ins.*, No. 07-80538-CIV, 2008 WL 11331986, at *3 (S.D. Fla. May 15, 2008) ("[I]nterview notes . . . are protected from disclosure by the work product doctrine.").

The third category commands the production of items obtained by Global Solutions (and implicitly the items requested by Global Solutions) during its investigation as an agent for Vivint

and its counsel relating to the pending litigation. This too is privileged work product. *See Lake Shore Radiator, Inc. v. Radiator Express Warehouse*, No. 3:05-cv-1232, 2007 WL 842989, at *5 (M.D. Fla. Mar. 19, 2007) ("'[Work product includes] one's pattern of investigation, assembling of information, and determination of relevant facts.'") (internal citation omitted).

Namely, the production of any notes or recordings will reveal the questions asked and topics discussed, the manner in which the questions and topics were organized, the areas of interest and concern to counsel, and so forth. Similarly, the production of items obtained from interviewees will reveal the items requested which in turn reveals how the investigation was organized and the areas of interest or concern Vivint and its counsel. This all goes to and would reveal counsel's strategies and theories of the case.

Counsel's investigators are generally afforded the same protection as counsel themselves. *See Ortiz v. City of Worcester*, No. 4:15-cv-40037, 2017 WL 1948523, at *2 (D. Mass. May 10, 2017) ("'The caselaw dealing with attorneys' investigators show that they should generally be afforded the same protection as the attorney for whom they work.'") (quoting *Alexander v. F.B.I.*, 192 F.R.D. 12, 18 (D.D.C. 2000)). ADT would never imagine subpoenaing interview notes, recordings, and the like created by counsel, but it nevertheless seeks the same from counsel's agent. This should not be permitted. And it is of no consequence if the items themselves contain only facts. The items are still privileged. *See Stern v. O'Quinn*, 253 F.R.D. 663, 687 (S.D. Fla. 2008) ("If a document constitutes protected work product, the party possessing the document generally need not produce it—even if the document contains only factual information . . . .") (internal citations omitted).

Rule 45 of the Federal Rules of Civil Procedure mandates that, "[o]n timely motion, the court for the district where compliance is required *must* quash or modify a subpoena that . . .

requires disclosure of privileged or other protected matter, if no exception or waiver applies . . . ." Fed. R. Civ. P. 45(d)(3) (emphasis added). Here, Vivint has shown that the items subject to the pending subpoenas are privileged work product and doubts that ADT will contest the same. Moreover, Vivint has not waived the privilege. The requested items have been kept confidential, used by counsel solely for purposes of preparing its case, and are not intended to be used at trial in a testimonial manner.

Wherefore, Defendant Vivint, Inc. request the court enter an order quashing the subpoenas issued for Bill Lynn, individually, and his company, Investigative & Security Global Solutions, Inc., and such further relief as the Court deems just and proper.

Respectfully submitted this 29th day of September, 2017.

_____
**AUSLEY MCMULLEN**
E. Dylan Rivers (Florida Bar No. 0669555)
Martin B. Sipple (Florida Bar No. 0135399)
Anthony L. Bajoczky, Jr. (Florida Bar No. 96631)
Pamela Marsh (Florida Bar No. 0057400)
Post Office Box 391
123 South Calhoun Street (32301)
Tallahassee, FL 32302
Telephone: (850) 224-9115
Facsimile: (850) 222-7560
drivers@ausley.com
msipple@ausley.com
tbajoczky@ausley.com
pmarsh@ausley.com

**AKERMAN LLP**
Lawrence Silverman (Florida Bar No. 7160)
Sandra J. Millor (Florida Bar No. 13742)
Three Brickell City Centre
98 Southeast Seventh Street
Miami, Florida 33131
Telephone: (305) 374-5600
Facsimile: (305) 374-5095
lawrence.silverman@akerman.com
sandra.millor@akerman.com

David S. Wood (Florida Bar No. 289515)
Post Office Box 231
Orlando, Florida 32802-0231
Telephone: (407) 423-4000
Facsimile: (407) 843-6610
david.wood@akerman.com

Ashley A. Sawyer (Florida Bar No. 0012131)
350 East Las Olas Boulevard, Suite 1600
Fort Lauderdale, Florida 33301
Phone: (954) 463-2700
Fax: (954) 463-2224
ashley.sawyer@akerman.com

**CLYDE SNOW**
Matthew A. Steward
201 South Main Street, Suite 1300
Salt Lake City, Utah 84111
Phone: (801) 322-2516
Fax: (801) 521-6280
mas@clydesnow.com

**Counsel for Defendant Vivint, Inc.**

## CERTIFICATE OF SERVICE

I certify that the foregoing document has been furnished by e-mail this 29th day of September, 2017, to the following attorneys of record in the above-styled proceeding.

**MCNEW P.A.**
C. Sanders McNew (mcnew@mcnew.net)
2385 NW Executive Center Drive, Suite 100
Boca Raton, Florida 33431
Phone: (561) 299-0257
Fax: (561) 299-3705

**SHOOK, HARDY & BACON LLP**
Eric J. Hobbs (ehobbs@shb.com)
Richard G. Sander (rsander@shb.com)
S. Kirk Ingebretsen (kingebretsen@shb.com)
Daniel E. Rohner (drohner@shb.com)
1660 17th Street, Suite 450
Denver, Colorado 80202
Phone: (303) 285-5300

Charles C. Eblen (ceblen@shb.com)
2555 Grand Boulevard
Kansas City, Missouri 64108
Phone: (816) 474-6550

**Counsel for Plaintiffs, ADT LLC and ADT US Holdings, Inc.**

_____
Attorney